UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SCHUMACHER FARMS CATTLE COMPANY, LLC, JOSEPH SCHUMACHER,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIAN LILLIE, BEST BEEF VENTURES, LLC, BEST BEEF HOLDINGS, LLC, COLOMBO CAPITAL US, INC.,<br><br>Defendants. | 4:25-CV-04239-RAL<br><br><br>OPINION AND ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT |

On December 8, 2025, Plaintiffs Schumacher Farms Cattle Company, LLC and Joseph Schumacher filed this lawsuit against Defendants Brian Lillie, Best Beef Ventures, LLC, Best Beef Holdings, LLC, and Colombo Capital US, Inc. (Colombo), Doc. 1, and subsequently filed a First Amended Complaint, Doc. 10, as a matter of course on December 29. On February 19, 2026, Plaintiffs filed a Motion for Entry of Default as to Colombo, Doc. 23, and the Clerk of Court entered default, Doc. 27. Plaintiffs have not moved for an entry of default judgment from this Court as would be necessary under Federal Rule of Civil Procedure 55(b)(2). On March 5, 2026, Colombo filed a Motion to Set Aside Entry of Default. Doc. 31. Plaintiffs have not filed a response in opposition to Colombo's motion.

A court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c); Johnson v. Leonard, 929 F.3d 569, 573 (8th Cir. 2019). "To determine whether good causes exists, this court considers the: (1) blameworthiness or culpability of the defaulting party; (2) existence of a

1

meritorious defense; and (3) prejudice to the other party by setting aside default." Leonard, 929 F.3d at 573 (citing Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998)). A defaulting party is considered blameworthy or culpable if the default was the result of "contumacious or intentional delay or disregard for deadlines and procedural rules." Johnson, 140 F.3d at 784. A "marginal failure" to meet pleading or other deadlines, on the other hand, will be excused, especially when there are meritorious defenses and an absence of prejudice. Id. Relief from the entry of default may be issued "when default was due to a mistake by counsel as to the applicable procedural rules . . .; the illness of counsel, the client, or an employee; a clerical mistake, confusion, or a misunderstanding by counsel; or defendant's failure to receive service." Wright and Miller's Federal Practice & Procedure § 2696 (4th ed. 2026). Further, a motion to set aside entry of default may be granted if "the default was not the result of gross neglect or was not willful, that the nondefaulting party will not be substantially prejudiced by the reopening, and the party in default has a meritorious defense." Id.

This Court has reviewed the briefing and declarations submitted by Colombo, which asserts that it has meritorious defenses against Plaintiffs' claims. Docs. 32, 33. The failure to answer appears to stem from Colombo's multi-step process in distributing documents to certain Colombo personnel at Colombo's headquarters in Massachusetts. Doc. 33 ¶¶ 6–9. By the time the appropriate personnel received and reviewed the materials, they did not have enough time "to retain counsel and prepare a responsive pleading within the twenty-one-day period." Id. ¶ 8. Colombo was not intentionally delaying or avoiding answering the Complaint; "[t]he delay was the result of internal communication timing and administrative processing." Id. ¶ 9. Once the appropriate personnel at Colombo became aware of the lawsuit and entry of default "it acted promptly to retain litigation counsel and to address the matter." Id. at ¶ 11. Additionally, Colombo

appears to have a colorable and potentially meritorious defense to Plaintiffs' claims. Doc. 32 at 5–6. Finally, there appears to be little prejudice to Plaintiffs from setting aside the default. After all, prejudice to justify not setting aside default typically means a "concrete harm, like 'loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" Leonard 929 F.3d at 573 (quoting Johnson, 140 F.3d at 785). Indeed, this Court has not entered an Order for Discovery Report or Rule 16 Scheduling Order in this matter yet. This Court grants Colombo's Motion to Set Aside Entry of Default.

Accordingly, it is

ORDERED that Colombo's Motion to Set Aside Entry of Default Judgment, Doc. 31, is granted. It is further

ORDERED that Colombo's Answer must be filed within 21 days of entry of this Order.

DATED this 17th day of June, 2026.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE

3